**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **SILENT COMMUNICATIONS, LLC,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 6:22-cv-00252 _____** |
| **v.** | ) | |
| | ) | |
| **BLACKBERRY CORPORATION,** | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Silent Communications, LLC, ("Silent") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 8,792,874 ("the '874 patent") (referred to as the "Patent-in-Suit") by Blackberry Communications ("Blackberry").

## I.      THE PARTIES

1.    Plaintiff Silent is a Texas Corporation with its principal place of business located in Travis County, Texas.

2.    On information and belief, Blackberry is a corporation existing under the laws of the State of Texas, with a principle place of business located at 11501 Alterra Parkway, Suite 410, Domain Seven, Austin, Texas 78758. On information and belief, Blackberry sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Defendant may be served through their registered agent at, Corporate Creations Network, Inc., 5444 Westheimer #1000, Houston, TX 77056.

## II.      JURISDICTION AND VENUE

3.   This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4.   This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5.   Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).  Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

III.    INFRINGEMENT

A.  Infringement of the '874 Patent

6.   On July 29, 2014, U.S. Patent No. 8,792,874 ("the '874 patent", attached as Exhibit A) entitled "System, Methods, Circuits, And Associated Software For Augmenting Contact Details Stored On A Communication Device With Data Relating To The Contact Contained On Social Networking Sites" was duly and legally issued by the U.S. Patent and Trademark Office.  Silent owns the '874 patent by assignment.

7.   The '874 patent relates to augmenting contact details stored on a mobile device.

8.  Blackberry maintains, operates, and administers methods and systems of augmenting contact details stored on a mobile device that infringe, directly and indirectly, through contributory and/or induced infringement one or more claims of the '874 patent, including one or more of claims 1-20, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '874 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9.  Support for the allegations of infringement may be found in the following preliminary table:

| US8792874 B2 | BlackBerry Hub |
|---|---|
| 11. A method for augmenting contact details stored on a mobile phone, said method comprising: | BlackBerry ThreatVector Blog › BlackBerry Hub: Even Better Productivity with Instant Actions (Video) <br><br> # BlackBerry Hub: Even Better Productivity with Instant Actions (Video) <br><br> 09.24.14 / Donny Halliwell <br><br> \<https://blogs.blackberry.com/en/2014/09/blackberry-hub-updated\> <br><br> BlackBerry Hub has a method for augmenting contact details stored on a mobile phone. <br><br> The reference includes subject matter disclosed by the claims of the patent after the priority date. |

US 8792874 B2   BlackBerry Hub

| | |
|---|---|
| correlating a first profile contained on a first social networking site with a first contact stored in a local memory of the mobile phone, wherein a contact includes a phone number and an identity indicator associated with the phone number; |  |

New Contacts view

for BlackBerry Hub+

https://blogs.blackberry.com/en/2019/03/fresh-new-look-for-the-hub-suite

Keep organized with BlackBerry® Hub+ Inbox.
Inbox consolidates all your emails and calendar events in one unified app, and Inbox seamlessly
integrates social notifications from Facebook, WeChat, Twitter, LinkedIn, WhatsApp, and more.
BlackBerry Hub+ Inbox is also available for Android Wear.

|  | https://play.google.com/store/apps/details?id=com.blackberry.hub&hl=en_US&gl=US<br><br>The references describe correlating a first profile contained on a first social networking site with a first contact stored in a local memory of the mobile phone. The contact includes a phone number and an identity indicatorassociated with the phone number. |
| --- | --- |

| US 8792874 B2   BlackBerry Hub | |
| --- | --- |
| Retrieving from the first social networking site data contained in the first profile;<br><br>associating the retrieved data with the first contact; and | Keep organized with BlackBerry® Hub+ Inbox.<br><br>Inbox consolidates all your emails and calendar events in one unified app, and Inbox seamlessly integrates social notifications from Facebook, WeChat, Twitter, LinkedIn, WhatsApp, and more.<br><br>BlackBerry Hub+ Inbox is also available for Android Wear.<br><br>https://play.google.com/store/apps/details?id=com.blackberry.hub&hl=en_US&gl=US<br><br> |

| | https://blogs.blackberry.com/en/2019/03/fresh-new-look-for-the-hub-suite<br><br>The references describe retrieving from the first social networking site data contained in the first profile.  The references further describe associating the retrieved data with the first contact. |
| --- | --- |

US 8792874 B2   BlackBerry Hub

| | |
|---|---|
| displaying, in association with the first contact, the retrieved data, upon a graphic user interface of the mobile phone |  |

https://play.google.com/store/apps/details?id=com.blackberry.hub

The reference describes displaying, in association with the first contact, the retrieved data, upon a graphic user interface of the mobile phone.

These allegations of infringement are preliminary and are therefore subject to change.

10. Blackberry has and continues to induce infringement. Blackberry has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to construct a unified banking system such as to cause infringement of one or more of claims 1–20 of the '874 patent, literally or under the doctrine of equivalents. Moreover, Blackberry has known of the '874 patent and the technology underlying it from at least the date of issuance of the patent.

11. Blackberry has and continues to contributorily infringe. Blackberry has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., construction of unified banking system) and related services that provide unified banking systems such as to cause infringement of one or more of claims 1–20 of the '874 patent, literally or under the doctrine of equivalents.  Moreover, Blackberry has known of the '874 patent and the technology underlying it from at least the date of issuance of the patent.

12. Blackberry has caused and will continue to cause Silent damage by direct and indirect infringement of (including inducing infringement of) the claims of the '874 patent.

## IV.    JURY DEMAND

Silent hereby requests a trial by jury on issues so triable by right.

## V.    PRAYER FOR RELIEF

WHEREFORE, Silent prays for relief as follows:

a.    enter judgment that Defendant has infringed the claims of the '874 patent;

b.    award Silent damages in an amount sufficient to compensate it for Defendant's infringement of the '874 patent in an amount no less than a reasonable royalty or lost

profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C.
§ 284;

c.   award Silent an accounting for acts of infringement not presented at trial and an award by
the Court of additional damage for any such acts of infringement;

d.   declare this case to be "exceptional" under 35 U.S.C. § 285 and award Silent its attorneys'
fees, expenses, and costs incurred in this action;

e.   declare Defendant's infringement to be willful and treble the damages, including attorneys'
fees, expenses, and costs incurred in this action and an increase in the damage award
pursuant to 35 U.S.C. § 284;

f.   a decree addressing future infringement that either (i) awards a permanent injunction
enjoining Defendant and its agents, servants, employees, affiliates, divisions, and
subsidiaries, and those in association with Defendant from infringing the claims of the
Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in
an amount consistent with the fact that for future infringement the Defendant will be an
adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the
future infringement will be willful as a matter of law; and

g.   award Silent such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Ramey LLP**

Texas State Bar No. 24027643

5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com


Jeffrey Kubiak (Pro Hac Pending)
Texas State Bar No. 24028470
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
jkubiak@rameyfirm.com


***Attorneys for Silent Communications, LLC***